UNITED STATES DISTRICT COURT

25-cv-4643-JWB/EMB

DISTRICT OF MINNESOTA

JEREMY ALEXANDER WILLIAMS

3301 NICOLLET AVE, APT 611

MINNEAPOLIS, MN 55408

PLAINTIFF, PRO SE

v.

RECEIVED BY MAIL
DEC 1 5 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

CITY OF MINNEAPOLIS

HENNEPIN COUNTY

HENNEPIN HEALTHCARE SYSTEM, INC. (D/B/A HCMC)

NORTHPOINT HEALTH & WELLNESS CENTER

AGATE HOUSING AND SERVICES F/K/A ST. STEPHEN'S HUMAN

SERVICES

SCANNED
DEC 1 5 2025
U.S. DISTRICT COURT MPLS

1

LISA LEGVOLD, PA-C (SCHWEIGER DERMATOLOGY – INDIVIDUAL AND OFFICIAL CAPACITY)

THOMAS RECHT, MENTAL-HEALTH THERAPIST (NORTHPOINT HEALTH & WELLNESS CENTER, INDIVIDUAL AND OFFICIAL CAPACITY)

MINNEAPOLIS POLICE OFFICERS JOHN DOE 1–15 AND HENNEPIN COUNTY EMPLOYEES JANE DOE 1–10 (INDIVIDUAL AND OFFICIAL CAPACITIES)

DEFENDANTS.

CASE NO. 25-cv-4643-JWB/EMB

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

(Jurisdiction: 28 U.S.C. §§ 1331, 1343)

Plaintiff incorporates by reference all facts alleged in Sections A–E below.

2

## CHRONOLOGY OF RELEVANT FACTS

### A. HISTORICAL PATTERN OF DISCRIMINATORY ENFORCEMENT

1. From 2010–2012, Plaintiff was homeless and subjected to over 50 loitering and trespass citations by Minneapolis Police Department (MPD) officers in concert with the Metro Transit Police Department in the downtown corridor, demonstrating a targeted pattern.

2. This pattern continued in 2013 as the same Metro Transit police officers followed Plaintiff into North Minneapolis. The lead officer in this sustained campaign was later promoted to a Minneapolis Police Department(MPD) Officer.

### B. INITIAL MEDICAL HARM & INSTITUTIONAL RETALIATION (The Actionable Medical Chain Begins)

1. On or about February 8, 2022: Plaintiff was flagged in a county database and received an mRNA vaccine at a city-contracted Walgreens in downtown Minneapolis.

3

2. On or about March 16, 2022: Plaintiff presented at Hennepin County Medical Center (HCMC) with a severe rash. Despite documented Major Depressive Disorder, HCMC providers prescribed high-dose corticosteroids, which precipitated a severe psychiatric crisis.

3. In July 2023: Plaintiff was summarily trespassed and arrested by HCMC security immediately after requesting a Black physician, constituting clear retaliation and denial of equitable care.

## C. ESCALATION OF PRIVATE EXCLUSIONS (2022-2023)

1. Throughout 2022 and 2023, Plaintiff received trespass notices from major downtown entities including Target, the Minneapolis Central Library, and City Center, effectively banishing Plaintiff from public and commercial spaces.

## D. FORMAL DIAGNOSIS & FRESH, ACTIONABLE HARM (Core Events Within Statute)

1. Between August and November of 2024: Plaintiff received a formal medical diagnosis of Prurigo Nodularis, documented as iatrogenic (physician-induced) and causally linked to the 2022 vaccine and steroid prescription.

4

2. Between August and November 2024: In direct response to this diagnosed iatrogenic injury, Plaintiff sought specialist care. Defendant Lisa Legvold, PA-C, of Schweiger Dermatology in Richfield, MN, denied standard-of-care treatment. She refused Plaintiff's direct request for narrow-band UVB phototherapy, falsely stating her clinic did not offer it and insurance would not cover it. She then administered a contraindicated treatment—injecting triamcinolone into facial nodules and prescribing high-potency topical steroids—exacerbating Plaintiff's documented condition and constituting separate medical negligence and battery.

## E. MONELL CUSTOMS

**A. Criminalizing Black presence via trespass/loitering**

**B. Medical coercion + post-injury gaslighting**

**C. Racial retaliation against Black patients**

**D. Cycling Black males out of GRH on unproven allegations**

**E. Withholding effective Prurigo treatment to preserve "self-inflicted" lie**

## CAUSES OF ACTION (18 counts)

**1. 42 U.S.C. § 1983** – Fourth Amendment (unlawful seizure via repeated trespass/loitering citations and arrests without probable cause) – City of Minneapolis, Minneapolis Police Officers John Doe 1–15.

**2. 42 U.S.C. § 1983** – Fourteenth Amendment Equal Protection (selective enforcement and racial targeting in policing) – City of Minneapolis, Minneapolis Police Officers John Doe 1–15.

**3. 42 U.S.C. § 1983** – First Amendment (retaliation for requesting a Black physician) – Hennepin Healthcare System, Inc., Hennepin County Employees Jane Doe 1–10.

**4. Monell Liability** – Custom of criminalizing Black presence via trespass/loitering enforcement – City of Minneapolis.

**5. Monell Liability** – Custom of medical coercion and post-injury gaslighting – Hennepin Healthcare System, Inc., NorthPoint Health & Wellness Center.

6

**6. Monell Liability** – Custom of racial retaliation against Black patients – Hennepin Healthcare System, Inc.

**7. Monell Liability** – Custom of cycling Black males out of GRH housing on unproven allegations – Hennepin County, Agate Housing and Services.

**8. Americans with Disabilities Act, Title II** – Denial of reasonable accommodation (failure to provide equitable medical care for documented disability) – Hennepin Healthcare System, Inc., NorthPoint Health & Wellness Center.

**9. Rehabilitation Act § 504 – Discrimination in federally funded program (denial of services on the basis of disability)** – Hennepin Healthcare System, Inc., NorthPoint Health & Wellness Center.

**10. Minnesota Human Rights Act (Minn. Stat. § 363A.12)** – Discrimination in public services on the basis of race and disability – City of Minneapolis, Hennepin County, Hennepin Healthcare System, Inc.

**11. Medical Battery – Lisa Legvold, PA-C** (2024 forehead injections of triamcinolone without informed consent and in contravention of standard of care).

**12. 42 U.S.C. § 1983** – Deliberate Indifference to Serious Medical Need & Aiding Harm – Thomas Recht (2024 labeling of iatrogenic injury as "self-inflicted" and failure to intervene or correct records).

**13. 42 U.S.C. § 1981** – Interference with right to make and enforce contracts (denial of medical services on equal terms) – Lisa Legvold, PA-C, Schweiger Dermatology (via agency).

**14. 42 U.S.C. § 1985(3)** – Conspiracy to deprive equal protection (coordinated mislabeling and denial of treatment among medical defendants) – Lisa Legvold, PA-C; Thomas Recht; Hennepin County Employees Jane Doe 1–10.

**15. Intentional Infliction of Emotional Distress** – All individual defendants (extreme and outrageous conduct causing severe distress).

**16. Negligent Infliction of Emotional Distress** – Hennepin Healthcare System, Inc.; NorthPoint Health & Wellness Center (breach of duty causing foreseeable harm).

**17. Medical Negligence – Lisa Legvold, PA-C** (administration of contraindicated treatment).

**18. Minnesota Vulnerable Adults Act (Minn. Stat. § 626.557)** – Failure to report and protect from maltreatment – Thomas Recht, NorthPoint Health & Wellness Center.

**RELIEF REQUESTED**

- Compensatory damages not less than $2,000,000

- Punitive damages against individual defendants

- Permanent injunction ordering:

  • Immediate self-directed CADI approval

  • Vacate every trespass

  • Narrow-band UVB phototherapy or Dupixent/Nemluvio within 30 days

  • Correction of all medical records ("self-inflicted" → iatrogenic)

  • Bar Lisa Legvold and Thomas Recht from further treatment of plaintiff

- Costs and further relief the Court deems just

**Respectfully submitted this 9th day of December, 2025.**

X _(signature)_

**/s/ Jeremy Alexander Williams**

Jeremy Alexander Williams, Pro Se

3301 Nicollet Ave, Apt 611

10

Minneapolis, MN 55408

11